## APPEAL OF JOSEPH E. REID ESTATE.

*Docket No. 2457. Submitted April 27, 1925. Decided November 6, 1925.*

Bad debts are allowable deductions only in the year in which the debt was ascertained to be worthless and charged off. A partial charge off in a preceding year may not be deducted.

*Benjamin Mahler, Esq.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

Before MARQUETTE, LANSDON, and GREEN.

### FINDINGS OF FACT.

Joseph E. Reid, in behalf of whose estate this appeal is brought, was a member of the firm of Davenport & Davenport, partnership commission merchants of the City of New York, consisting of Howard O. Lent and the decedent. Lent was in charge of the sales department and managed all the outside part of the business. Reid, who was in charge of the office work, died within the last two years.

In accordance with their custom (of long standing) with their regular farm produce customers, the firm had for some 30 years annually advanced money to one J. D. Stringfellow, which he had annually repaid from the proceeds of the sale of crops grown on his farm in Florida. He had represented to them that he was well-to-do. He was prompt in his payments until about 1917. In the early spring of 1918 he borrowed heavily but failed to ship his produce to them. On their inquiring the reason, he informed them that he was selling produce only as an agent for his wife and was shipping to Gainesville, Fla. In July, 1918, Reid went to Gainesville and employed lawyers to investigate and determine whether collection could be made. They reported that Stringfellow had deeded his property to his wife some time before, that the farm was heavily mortgaged, and that he was heavily in debt to bankers in Gainesville and to another party.

At a meeting with Stringfellow and these creditors, he offered to settle his indebtedness at 50 cents on the dollar. The record does not disclose whether there was an acceptance of this offer and an actual compromise reached. The offer seems to have been oral. Reid then returned to New York. He was hopeful of receiving the amount, but his partner was not and suggested that they charge the whole debt off. However, they charged off 50 per cent of it. The firm's

ledger entry is in red ink and reads "November 4. By suspense, $8,396.06." Claim for deduction of this amount as a bad debt was made in the income-tax return for 1918 and disallowed.

Early in 1919 Stringfellow's unsecured creditors, including this partnership, filed suit against him. The mortgagee intervened and foreclosed his mortgage. There appears to have been no property except that which was covered by the mortgage. Judgment was rendered, the property sold, and the proceeds, amounting to $22,000, were paid over in part satisfaction of the mortgage.

A few collections of old claims due Stringfellow appear to have been made by the firm early in the year 1919 and applied to the debt. On December 31, 1919, Reid closed the account in a red ink entry, "By suspense, $8,000." Lent asserted positively that the intent of these two red-ink entries was to charge off the respective amounts. The whole debt had been ascertained to be worthless when the entry of December 31, 1919, was made. The total of the amounts charged off in 1918 and 1919 was allowed by the Commissioner as a deduction from the taxpayer's 1920 income.

### DECISION.

The determination of the Commissioner is approved as to the year 1918. The deficiency for the year 1919 should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

Green: The decision in the *Appeal of Steele Cotton Mill Co.*, 1 B. T. A. 299, is clearly applicable to this appeal.[1] In that appeal the Board held that, under section 234(a)(5) of the Revenue Act of 1918, the taxpayer must have ascertained the whole debt to be worthless and have charged it off within the taxable year in order to be entitled to any deduction from his income. In this appeal taxpayer claimed to have ascertained for the year 1918 that 50 per cent of the debt was worthless, but this was not an ascertainment as to the whole debt. That was ascertained some time within the year 1919 and the remainder of the debt was charged off during that year. Under the decision in the *Steele Cotton Mill Appeal, supra*, the claim for deduction in 1918 was properly disallowed. But the deficiency found by the Commissioner for 1919 can not be sustained under the facts as we have found them to exist. The firm, before the close of that year, ascertained that the whole debt was worthless. It was, therefore, entitled to charge off the whole debt during that year and claim

---

[1] See also *Appeals of The Murchison National Bank*, 1 B. T. A. 617; *Farmers' Hardware Co.*, 2 B. T. A. 90; and *Cherry Basset Co.*, 2 B. T. A. 426.

a deduction from its income for that year of the entire amount remaining unpaid.

The account of Stringfellow should be allowed as a deduction as a bad debt of the partnership for the year 1919 and the tax computed accordingly for the years in question.